# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

REGINALD G. ALLEN,

    Plaintiff,

v.

RCS CAPITAL PARTNERS, INC.,

    Defendant.

_____/

Case No. 8:23-cv-00346

**JURY TRIAL DEMANDED**

# COMPLAINT

Plaintiff REGINALD G. ALLEN ("Plaintiff"), by and through the undersigned, complains as to the conduct of RCS CAPITAL PARTNERS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692, the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statue § 559.55, and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") pursuant to Florida Statute § 501.201 et seq., for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Middle District of Florida.

**PARTIES**

5. Plaintiff is a natural "person" over 18 years of age residing in Tampa, Florida, within the Middle District of Florida.

6. Defendant is a "full service consumer asset management company that focuses on recovery of delinquent consumer debt"[1] collecting debts owed or due, or asserted to be owed or due, to others, from consumers across the country, including from those in the state of Florida. Defendant is a corporation organized and existing under the laws of the state of New York with its principal office located at 270 Northpointe Parkway, Suite 40, Amherst, New York 14228.

---

[1] https://www.rcsincny.com/about

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. The instant action arises out of the nature of Defendant's attempts to collect on a subject consumer debt ("subject consumer debt") said to be owed by Plaintiff.

9. Due to financial hardships outside of his control, Plaintiff fell behind on the subject consumer debt.

10. In approximately the year 2022, Plaintiff began receiving collections calls to his cellular phone (813) XXX-4726 from Defendant, seeking payment for the subject consumer debt.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber and owner of the cellular phone ending in -4726. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Also, Defendant was placing calls to Plaintiff's wife regarding the collection of the subject consumer debt, at her cellular phone (813) XXX-6659.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber and owner of the cellular phone ending in -6659. Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. Defendant has primarily used the phone number (888) 697-2658 when placing calls to Plaintiff's cellular phone, as well as Plaintiff's wife's cellular phone, but upon belief, Defendant has used other numbers as well.

15. Upon information and belief, Defendant regularly utilizes the above-referenced phone number during its debt collection activity.

16. Upon answering a call from Defendant, Plaintiff and his wife learned that it was attempting to collect upon the subject consumer debt. Further, Plaintiff demanded that Defendant cease in calling him and his wife.

17. Nevertheless, Defendant disregarded Plaintiff's demand and has continued to place repeated and consistent phone calls to Plaintiff's and Plaintiff´s wife's cellular phones up and until the filing of this Complaint.

18. Defendant has placed numerous unwanted calls and voicemails to Plaintiff's and Plaintiff´s wife cellular phones, despite Plaintiff's demands that Defendant's phone calls cease.

19. Plaintiff has repeatedly demanded that Defendant cease in calling him, but to no avail.

20. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, exhausting time, resources, and expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, and numerous violations of his state and federally-protected interests to be free from harassing and abusive debt collection conduct.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts owed to others. Defendant is similarly a business whose principal purpose is the collection of debts.

26. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692d *et seq.*, and 12 C.F.R. § 1006.14 *et seq.***

27. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further

prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they do not call a consumer more than 7 times over 7 consecutive days, or if they wait 7 days after communicating with a consumer before attempting another communication. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." An example of facts rebutting the presumptive compliance would be a prior indication "that the person did not wish to be contacted again about the particular debt, that the person was refusing to pay the particular debt, or that the person did not owe the particular debt."

29. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

30. Defendant violated §§ 1692d & 1692d(5), and 12 C.F.R. §§ 1006.14(b)(2) & 1006.14(h), through its harassing and noncompliant collection campaign directed towards Plaintiff. Plaintiff notified Defendant that its calls were not welcome and needed to cease. Defendant knew that its continued placement of phone calls would be unwelcome to Plaintiff, yet nevertheless persisted, illustrating its intent to harass Plaintiff through its phone calls. Further, upon becoming aware of Plaintiff's desire to receive no further collection calls regarding the subject consumer debt, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject consumer debt – however, such calls persisted notwithstanding Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject consumer debt.

### b. Violations of FDCPA § 1692e

31. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

33. Defendant violated §§ 1692e and 1692e(10) when it deceptively continued communicating with Plaintiff and Plaintiff´s wife through their cellular phone despite Plaintiff having made Defendant aware such communications were unwanted by way of demanding that they cease in calling them. Defendant falsely and deceptively represented its ability to continue such calls since, under the binding regulations, Defendant was precluded from engaging in such conduct. Defendant's deceptive conduct was designed to compel Plaintiff's payment on the debt through undue and deceptive means.

   c. **Violations of FDCPA § 1692f**

35. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiff's cellular phone despite the nature of the conversations between the parties, especially in light of Plaintiff demanding that Defendant cease in calling him.

   WHEREFORE, Plaintiff, REGINALD G. ALLEN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

34. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

36. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

37. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

### a. Violations of FCCPA § 559.72

38. Pursuant to Fla. Stat. § 559.72(7), a debt collector may not "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

39. Defendant violated § 559.72(7) through its harassing and abusive phone call campaign directed towards Plaintiff's cellular phone. Plaintiff had made his position regarding the subject consumer debt clear, and similarly demanded that Defendant

cease calling his cellular phone and his wife's cellular phone; however, Defendant consciously ignored that directive in an effort to compel Plaintiff's payment on the subject consumer debt. The nature and pattern of Defendant's phone calls, along with the nature of Plaintiff's prior conversations with Defendant, illustrate that it persisted in repeatedly contacting Plaintiff with the willful intent of harassing Plaintiff through its continued collection efforts.

WHEREFORE, Plaintiff, REGINALD G. ALLEN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Entering judgment in Plaintiff's favor and against Defendant;

b. Awarding Plaintiff actual damages in an amount to be determined at trial pursuant to the Fla. Stat. § 559.77(2);

c. Awarding Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2);

d. Awarding Plaintiff equitable relief, including enjoining Defendant from further violations, pursuant to Fla. Stat. § 559.77(2);

e. Awarding Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

f. Awarding Plaintiff any other relief that this Honorable Court deems equitable and just.

### COUNT III – VIOLATIONS OF THE FDUTPA

37. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

38. The transactions giving rise to these claims constitute "trade or commerce" as defined by Fla. Stat. § 501.203(8).

39. Pursuant to the FDUTPA § 501.204(1), "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

40. The provisions of the FDUTPA "shall be construed liberally to . . . protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

41. Violations of the FDUTPA further consider the rules promulgated in connection with the Federal Trade Commission Act, the standards of unfairness and deception set forth and interpreted by the Federal Trade Commission or the federal courts, as well as any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices. *See* Fla. Stat. § 501.203.

42. Defendant violated § 501.204(1) of the FDUTPA through its unfair and deceptive calls made to Plaintiff without consent. In light of Plaintiff's lawful demand that Defendant cease in calling him, Defendant deceptively and falsely represented it had the lawful ability to continue making harassing phone calls by way of doing so, and also misrepresenting Plaintiff's lawful ability to demand that

the same cease. Defendant willfully ignored the demands and rights of Plaintiff and continued to call Plaintiff in complete disregard for Plaintiff and his rights.

WHEREFORE, Plaintiff, REGINALD G. ALLEN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Entering judgment in Plaintiff's favor and against Defendant;

b. Awarding Plaintiff his actual damages in an amount to be determined at trial pursuant to the Fla. Stat. § 501.211(2);

c. Entering a declaratory judgment finding that the above referenced conduct is in violation of the above referenced statutes and regulations, pursuant to Fla. Stat. § 501.211(1);

d. Awarding Plaintiff equitable relief, including enjoining Defendant from further violations, pursuant to Fla. Stat. §501.211(1);

e. Awarding Plaintiff costs and reasonable attorneys' fees pursuant to Fla. Stat. §501.2105; and

f. Awarding Plaintiff any other relief that this Honorable Court deems equitable and just.

Dated: February 16, 2023

Respectfully Submitted,

/s/ Franklin A. Jara
Franklin A. Jara, Esq.
Florida Bar No. 636681
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Phone :(312) 313-1613
Fax: (630) 575-8188
fjara@sulaimanlaw.com